1     UNITED STATES DISTRICT COURT
2     DISTRICT OF PUERTO RICO

3   TEMISTOCLES RAMIREZ DE
4   ARELLANO,

5       Plaintiff,                          Civil No. 11-1289 (JAF)

6       v.

7   SANDRINE CORPORATION,

8       Defendant.

9

10                        **OPINION AND ORDER**
11
12          Plaintiff brings this suit in diversity pursuant to 28 U.S.C. § 1332(a).  Plaintiff alleges

13   violations of Commonwealth law for violating the terms of a joint venture agreement, for failing

14   to pay money on an open account, and for unjust enrichment.  (Docket No. 1.)  Defendant moves

15   for dismissal pursuant to Federal Rule of Civil Procedure 12(b)(6).  (Docket No. 7.)  Plaintiff

16   opposes.  (Docket No. 8.)

17                                  **I.**

18                            **Factual Summary**

19          We draw the following summary of the factual allegations from Plaintiff's complaint.

20   (Docket No. 1.)  Plaintiff conducts his commercial business under the name "Traico" in San

21   Juan, Puerto Rico.  (Docket No. 1.)  Defendant is a Florida corporation with its principal place

22   of business and officers both located in Florida.  (Docket Nos. 1; 7.)  Plaintiff alleges that in

23   March 2006, Plaintiff and Defendant agreed to each contribute fifty percent of the purchase price

1    of chemical products, sold by Eli Lilly in Puerto Rico, to be resold by either Traico or Sandrine

2    to third parties and share equally in the net profits from those sales. (Docket No. 1 at 2.) Traico

3    shipped some of the chemical products, including 15,800 kilograms of "Dextro Carbonyl

4    Base/'D-Oxyphene Base" ("DOB") to Sandrine in Florida. (Id. at 2–3.) Plaintiff alleges that

5    on July 14, 2008, Defendant sold 15,800 kilograms of DOB to Wockhardt Limited, an Indian

6    company, for $150,100. (Id. at 3; 1-1.)

7           Plaintiff alleges that Defendant provided Plaintiff with a false invoice indicating that the

8    15,800 kilograms of DOB were sold for $90,060 (instead of the actual purchase price of

9    $150,100). (Docket Nos. 1 at 3; 1-2.) Plaintiff alleges that when questioned about the lesser

10   purchase price, Defendant made written and oral assurances of prompt payment. (Docket No. 1

11   at 3.) Plaintiff alleges that in exchange for its oral and written assurances, Defendant "was

12   granted payments terms, which were also of benefit of the Defendant." (Id. at 6.) Plaintiff

13   alleges that Defendant refused to honor its written and oral assurances and refused to compensate

14   Plaintiff. (Id. at 7.) Plaintiff alleges that Sandrine breached its obligation to share equally in the

15   net proceeds from the sale of the DOB, and did not pay Traico the monies owed in a timely

16   manner. Id.

17          Furthermore, Plaintiff alleges that Defendant has failed to fulfill its oral and written

18   assurances to pay for its half of the storage costs for other jointly-owned chemical products, as

19   well as the environmental impact and waste disposal costs for the chemical products in storage.

20   (Docket No. 1 at 4–5.) Plaintiff filed this complaint on March 24, 2011, requesting damages of

21   half of the profits from the DOB sale, half of the storage costs for the unsold chemical products,

1    and half of the cost of waste disposal and environmental assessments, in addition to interest and

2    attorney's fees.  (Docket No. 1 at 5.)

3                                                    **II.**

4                                   **Standard Under Rule 12(b)(6)**

5              A defendant may move to dismiss an action, based solely on the complaint, for the

6    plaintiff's "failure to state a claim upon which relief can be granted."  Fed. R. Civ. P. 12(b)(6).

7    In assessing such a motion, we "accept[] all well-pleaded facts as true, and we draw all

8    reasonable inferences in favor of the [plaintiff]."  Wash. Legal Found. v. Mass. Bar Found., 993

9    F.2d 962, 971 (1st Cir. 1993).  "[A]n adequate complaint must provide fair notice to the

10   defendants and state a facially plausible legal claim."  Ocasio-Hernández v. Fortuño-Burset, 640

11   F.3d 1, 12 (1st Cir. 2011).  In considering a complaint's adequacy, we disregard "statements in

12   the complaint that merely offer legal conclusions couched as fact or threadbare recitals of the

13   elements of a cause of action."  Id. (internal quotation marks omitted).  We then take as true what

14   remains, "[n]onconclusory factual allegations . . . even if seemingly incredible."  Id.  On the

15   basis of those properly-pled facts, we assess the "reasonableness of the inference of liability that

16   the plaintiff is asking the court to draw."  Id. at 13.  "Specific facts are not necessary; the

17   statement need only give the defendant fair notice of what the . . . claim is and the grounds upon

18   which it rests."  Erickson v. Pardus, 551 U.S. 89, 93 (2007) (internal quotation marks omitted)

19   (quoting Twombly, 550 U.S. at 559).  An "unadorned, the-defendant-unlawfully-harmed-me

20   accusation" will not suffice to demonstrate a plausible entitlement to relief.  See Sanchez v.

Civil No. 11-1289 (JAF)                                                                    -4-

1    Pereira-Castillo, 590 F.3d 31, 37 (1st Cir. 2009) (quoting Ashcroft v. Iqbal, 129 S. Ct. 1937,

2        1949 (2009)).

3                                                          **III.**

4                                                      **Analysis**

5              In response to Plaintiff's three claims, Defendant argues that Plaintiff: (1) fails to

6        establish the elements of a joint venture agreement; (2) fails to properly allege an open account

7        claim; and (3) cannot raise an unjust enrichment claim in tort because it has already alleged a

8        contract claim regarding the same events and agreement.   However, Defendant's opposition

9        assumes that Florida law applies to this case; we reexamine this assumption before addressing

10       the merits.   We discuss each claim in turn, and for the reasons laid out below, we deny

11       Defendant's motion.

12       **A.      Choice of Law**

13             Plaintiff and Defendant disagree about whether Puerto Rico or Florida law should apply

14       to the claims arising out of the alleged contract.   Federal courts sitting in diversity apply the

15       choice of law rules of the forum state.   Montalvo v. Gonzalez-Amparo, 587 F.3d 43, 46 (1st Cir.

16       2009) (citing Day & Zimmerman, Inc. v. Challoner, 423 U.S. 3, 4 (1975)).   "Puerto Rico has

17       adopted the 'dominant or significant contacts' test for contract claims."   Wojciechowicz v.

18       United States, 474 F. Supp. 2d 291, 295 (D.P.R. 2007) (citing New Ponce Shopping Ctr. v.

19       Integrand Assur. Co., 86 F.3d 265, 266 (1st Cir. 1996)).   "Under that test, the laws of the

20       jurisdiction with the most significant contacts to the disputed issues will apply."   New Ponce

21       Shopping Ctr., 86 F.3d at 267 (citing A.M. Capen's Co. v. Am. Trading & Prod. Corp., 74 F.3d

317, 320 (1st Cir. 1996)).  Important factors to consider are: "(a) the place of contracting; (b) the place of negotiation of the contract; (c) the place of performance; (d) the location of the subject matter of the contract; and (e) the domicile, residence, nationality, place of incorporation and place of business of the parties." Allstate Ins. Co. v. Occidental Intern., 140 F.3d 1, 3 (1st Cir. 1998) (citing Restatement (Second) of Conflicts of Laws § 188 (1971)).

The disputed agreement at issue in this case is one allegedly made to evenly share in the costs of purchasing chemicals from Eli Lilly to resell them and then split the profits evenly between the two parties.  Examination of the first three factors offers little guidance, as it is unclear in what state the majority of the negotiations took place, and Plaintiff and Defendant are domiciled in Puerto Rico and Florida, respectively.  The parties' e-mail communications (Docket No. 1-3) took place in both Florida and Puerto Rico.  The agreement allegedly authorized both parties to resell product to third parties in either location.  However, the parties agreed that the chemicals would be purchased from Eli Lily in Puerto Rico, initiating the alleged contract. Plaintiff alleges that it has stored the unsold chemicals in Puerto Rico and has paid for waste disposal and environmental assessments in Puerto Rico.

Factors point toward both jurisdictions, but we believe that the balance tips towards Puerto Rico.  Puerto Rico is the jurisdiction with the most significant contacts because the event giving rise to this alleged joint venture between the two parties was the purchase of the chemicals from Eli Lilly in Puerto Rico, the parties left the chemicals in Puerto Rico until they were resold, and the environmental impact and waste disposal costs have been accrued by Plaintiff in Puerto Rico.  Therefore, Puerto Rico substantive law will apply.

Civil No. 11-1289 (JAF)                                                              -6-

1    **B.    Joint Venture**

2          Defendant alleges that Plaintiff has failed to allege the essential elements of a joint

3    venture claim.  Although joint ventures are recognized under Puerto Rico law,[1] Defendant cites

4    only Florida law in support of its arguments.  (Docket No. 7 at 5.)  In turn, Plaintiff merely

5    points out the fact that Defendant cites to the wrong supporting law.  (Docket No. 8 at 5.)

6    Although Defendant's argument might have been meritorious, we cannot consider it, because

7    as discussed above, Puerto Rico—not Florida—law controls this case and Defendant has made

8    no arguments under the appropriate jurisdiction's law.  See United States v. Zannino, 895 F.2d

9    1, 17 (1st Cir. 1990) ("[I]ssues adverted to in a perfunctory manner, unaccompanied by some

10   effort at developed argumentation, are deemed waived.").

11   **C.    Open Account**

12         Defendant argues that Plaintiff has failed to state the elements of an "open account" cause

13   of action, but again cites no Puerto Rico cases or statutes to support this allegation.  (Docket

14   No. 7 at 7.)  Again, we will not entertain such an undeveloped argument.  Zannino, 895 F.2d 1,

15   17 (1st Cir. 1990).

16   **D.    Unjust Enrichment**

17         Defendant again cites Florida law to argue that Plaintiff cannot recover under an unjust

18   enrichment cause of action because the damages alleged stem from a contract.  (Docket No. 7

---

[1] Planned Credit of P.R., Inc. v. Page, 3 P.R. Offic. Trans. 341 (P.R. 1975) (citing 2 Rowley, On Partnership: Joint Adventures, § 52.1-52.20, at 459–89 (2d ed. 1960)).  If Defendants had argued that there are no significant differences between the relevant substantive Florida law and Puerto Rico law, we might have been able to address the merits of their arguments.

Civil No. 11-1289 (JAF)                                                    -7-

1    at 9.)  Because Defendant has failed to introduce any Commonwealth law in support of this

2    argument, we again reject the contention without reaching its merits.  <u>Zannino</u>, 895 F.2d 1, 17

3    (1st Cir. 1990).

4                                              **IV.**

5                                          **<u>Conclusion</u>**

6            For the foregoing reasons, we **DENY** Defendant's motion to dismiss without prejudice.

7    (Docket No. 7.) Commonwealth law controls in this diversity case, and Defendant may resubmit

8    its motion with the appropriate legal citations and arguments.

9            **IT IS SO ORDERED.**

10           San Juan, Puerto Rico, this day the 15th day of March, 2012.

11                                              s/José Antonio Fusté
12                                              JOSE ANTONIO FUSTE
13                                              U.S. District Judge